**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNALDO MENDOZA-RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-73657 <br><br> Agency No. A205-699-967 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Reynaldo Mendoza-Ramirez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Mendoza-Ramirez established changed or extraordinary circumstances to excuse his untimely filed asylum application. *See* 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(2), (4)-(5). Thus, Mendoza-Ramirez's asylum claim fails.

Substantial evidence supports the agency's determination that Mendoza-Ramirez failed to establish the harm he experienced or fears in Honduras was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground). To the extent Mendoza-Ramirez raises a family-based particular social group, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review issues or claims not presented below). Thus, Mendoza-Ramirez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because

Mendoza-Ramirez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.